UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Casie Silvernail,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Capital One, N.A.; Experian Information Solutions, Inc.; and Equifax Information Services, LLC,<br><br>　　　　Defendants. | Case No.: 7:25-cv-7206<br><br>**COMPLAINT** |

## I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on Plaintiff's consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II. PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of Orange County, New York.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

4. Defendant, Capital One, N.A. (hereinafter "CapOne") conducts business in the State of New York and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

5. At all times pertinent hereto, CapOne was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6. Defendant, Experian Information Solutions, Inc., ("Experian") is a credit reporting agency, licensed to do business in New York.

7. Defendant, Equifax Information Services, LLC, ("Equifax") is a credit reporting agency, licensed to do business in New York.

8. Defendant Experian and Equifax are, and at all times relevant hereto were, regularly doing business in the State of New York.

9. Experian and Equifax regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

10. Experian and Equifax furnish such consumer reports to third parties under contract for monetary compensation.

11. At all times pertinent hereto, Defendant Experian and Equifax were each a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III. JURISDICTION AND VENUE

12. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

13. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Orange County, New York and Defendants do business in New York.

14. Personal jurisdiction exists over Defendants as Plaintiff resides in New York, Defendants have the necessary minimum contacts with the state of New York, and this suit arises out of specific conduct with Plaintiff in New York.

## IV.    FACTUAL ALLEGATIONS

15.    Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants CapOne, Experian, and Equifax (collectively, "Defendants"), and has suffered particularized and concrete harm.

16.    Experian and Equifax are two of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

17.    The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

18.    Experian and Equifax have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

19.    In June 2025, Plaintiff discovered a CapOne account, with a balance of $1,325.00 (the "Account") being reported in error on Plaintiff's Experian and Equifax consumer reports.

20.    The Account is reporting a balance past due after the Account was settled and paid off.

21.    Despite receiving the full benefit of settlement and payment on the Account, Defendant CapOne continues to report a balance for the Account on Plaintiff's consumer reports.

22.    The false and misleading information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

### PLAINTIFF'S WRITTEN DISPUTE

23.    In June 2025, Plaintiff sent a written dispute to Experian and Equifax (the "Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Experian and Equifax consumer report.

24.    Despite the clarity and detail provided in the Dispute, the Account, with its reported balance, continued to appear on Plaintiff's Experian and Equifax consumer report.

25. Upon information and belief, Experian and Equifax each forwarded Plaintiff's Written Dispute to Defendant CapOne.

26. Upon information and belief, CapOne received notification of Plaintiff's Written Dispute from Experian and Equifax.

27. CapOne did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed information and the accuracy of the Account.

28. Experian did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

29. Equifax did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

30. Upon information and belief, CapOne failed to instruct Experian and Equifax to remove the false and misleading information regarding the Account reporting on Plaintiff's consumer report.

31. Experian and Equifax each employed an investigation process that was not reasonable and did not remove the false and misleading information regarding the Account identified in Plaintiff's Written Dispute.

32. At no point after receiving the Dispute did CapOne and/or Experian and Equifax communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute.

33. Experian and Equifax relied on their own judgment and the information provided by CapOne rather than grant credence to the information provided by Plaintiff.

34. Experian and Equifax published the false and misleading information regarding the Account to third parties.

## COUNT I – EXPERIAN AND EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

35. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

36. After receiving the Dispute, Experian and Equifax failed to correct the false and misleading information regarding the Account reporting on Plaintiff's consumer reports.

37. Experian and Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

38. As a result of this conduct, action and inaction of Experian and Equifax Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

39. Experian and Equifax's conduct, action, and inaction was willful, rendering Experian and Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

40. In the alternative, Experian and Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

41. Plaintiff is entitled to recover costs and attorneys' fees from Experian and Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN AND EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

42. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

43. After receiving the Dispute, Experian and Equifax failed to correct the false and misleading information regarding the Account reporting on Plaintiff's consumer reports.

44. Experian and Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

45. As a result of this conduct, action and inaction of Experian and Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

46. Experian and Equifax's conduct, action, and inaction was willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

47. In the alternative, Experian and Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

48. Plaintiff is entitled to recover costs and attorneys' fees from Experian and Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT III – CAPONE

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

49. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

50. After receiving the Dispute, CapOne failed to correct the false and misleading information regarding the Account reporting on Plaintiff's consumer report.

51.     Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant CapOne's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant CapOne's representations to consumer credit reporting agencies, among other unlawful conduct.

52.     As a result of this conduct, action, and inaction of Defendant CapOne, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

53.     Defendant CapOne's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

54.     In the alternative, Defendant CapOne was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

55.     Plaintiff is entitled to recover costs and attorney's fees from Defendant CapOne pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks his statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:   August 29, 2025

**The Law Office of Maureen B. Godfrey, PLLC**

By: /s/ *Maureen B. Godfrey*
Maureen B. Godfrey
23 Roosevelt Avenue
Massapequa, NY 11762
(718) 490-4155
Attorneys for Plaintiff